UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  22-20080-CR-ALTMAN

UNITED STATES OF AMERICA,

     Plaintiff,

v.

JOSE ANTONIO RODRIGUEZ,
JORMAN JOSE GOITIA, and
DARIBEL SANCHEZ,

     Defendants.

_____/

## DEFENDANT DARIBEL SANCHEZ'S
## OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT

Defendant, Daribel Sanchez, through undersigned counsel, files his

Objections to the Presentence Investigation Report[1].

Mr. Sanchez objects to paragraph 10 because it is factually incorrect.  Mr.

Sanchez is a citizen of Dominican Republic.  He is not of Colombian nationality,

and he advised the Coast Guard of the same.  Jose Antonio Rodriguez is from

Venezuela.  And Jorman Jose Goitia is from the Dominican Republic.

Mr. Sanchez objects to paragraph 12 because it is factually incorrect.  Mr.

Sanchez provided statements to the United States Coast Guard and the Drug

---

[1] The Draft Presentence Investigation Report was received for the first time on November 7, 2022.  Undersigned counsel requested to visit Mr. Sanchez in FDC in order to review the PSI on either November 17, 2022 and November 18, 2022. As of the date of this filing, undersigned counsel's request is still pending.

Enforcement Agency agents that later bordered the vessel.  Moreover, Mr. Sanchez is in the process of providing a safety valve statement to the government.

Mr. Sanchez objects to paragraph 13 to the extent it does not recommend a mitigating role adjustment. Mr. Sanchez's advisory guidelines should be reduced by 4 points for his role in the offense.

In drug conspiracies, courts have awarded minimal participant departures of more than 4 points in extraordinary circumstances. *See United States v. Dorvil,* 784 F.Supp 849 (S.D. Fla. 1990) (awarding a 4 point minimal participant in a cocaine conspiracy case reasoning that defendants were "hired merely as crewmen, were unaware of the scope and structure of the enterprise, and has no proprietary interest in the cocaine."); *United States v. Cabrera,* 867 F.Supp. 2d 271 (D. Mass. 2008) (sentencing a first time drug delivery defendant to a 24 month jail term and imposing a 4 point downward departure for minimal participant);*United States v. Dorvil,* 784 F. Supp. 849 (S.D. Fla. 1990) (granting a downward departure beyond the 4 point minimal participant departure based on defendants); *United States v. Restrepo,* 936 F.2d 661,668 (2d Cir. 1991) (granting departure beyond the 4 point minimal participant departure finding that defendant's involvement was not accounted for in the guidelines).

Moreover, Application Note 3(A) now specifies that, when determining mitigating role, the defendant is to be compared with the other participants "in the

criminal activity." Thus, the relative culpability of the "average participant" is measured only in comparison to those persons who actually participated in the criminal activity, rather than against "typical" offenders who commit similar crimes. In measuring a defendant's relative culpability, Application Note 3(C) lists five factors a court may consider in deciding to grant this request as follows:

> In determining whether to apply subsection (a) or (b), or an intermediate adjustment, the court should consider the following non-exhaustive list of factors:
>
> (i)    the degree to which the defendant understood the scope and structure of the criminal activity;
>
> (ii)    the degree to which the defendant participated in planning or organizing the criminal activity;
>
> (iii)    the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;
>
> (iv)    the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts;
>
> (v)    the degree to which the defendant stood to benefit from the criminal activity.
>
> For example, a defendant who does not have a proprietary interest in the criminal activity and who is simply being paid to perform certain tasks should be considered for an adjustment under this guideline.
>
> The fact that a defendant performs an essential or indispensable role in the criminal activity is not determinative. Such a defendant may receive an adjustment under this guideline if he or she is substantially less culpable than the average participant in the criminal activity.

*See* Application Note to 3(C) of U.S.S.G. Section 3B1.2 (Nov. 2016 ed.)

In applying the factors in Application Note to 3(C) to Mr. Sanchez's facts, he should qualify for a 4-point reduction. Particularly, this was his first time, he only stood to gain $40,000, he had no knowledge of the larger conspiracy, he didn't even know where the drugs or the boat were heading, and he had no decision-making power, among other facts.

Mr. Sanchez objects to Paragraph 17. As noted in the objection to Paragraph 12, Mr. Sanchez is in the process of preparing a safety valve statement for AUSA Rodriguez-Schack. The delay in transmitting the statement is due to the difficulty in arranging in person meetings with clients at FDC, the inability to schedule telephone conversations with clients at FDC, and undersigned counsel's trial schedule. Mr. Sanchez further objects to the failure to award him a safety valve reduction.

Mr. Sanchez objects to Paragraph 18. The base level offense should contemplate a minimal participant reduction, which would result in a base level offense of 34. See U.S.S.G. 2D1.1.(a)(5).

Mr. Sanchez objects to Paragraph 19 because it fails to account for a two-level safety valve decrease. Mr. Sanchez has met the safety valve criteria outlined in subdivisions (1)-(5) of 5C1.2(a).

4

Mr. Sanchez objects to Paragraph 21 to the extent it fails to apply a 4 level decrease for minimal participant as discussed in the objection to Paragraph 13.

Mr. Sanchez objects to the total offense calculation in Paragraph 27. The total offense calculation should be 25.

Mr. Sanchez objects to Paragraph 57 because it fails to account for the safety valve criteria, which permits the Court to sentence Mr. Sanchez below the minimum mandatory of ten years.

Mr. Sanchez objects to Paragraph 58.  The total offense level should be 25, resulting in a guideline imprisonment range of 57-71.

Mr. Sanchez objects to Paragraph 68 to the extent it fails to identify any factors that warrant a departure and/or variance.

Respectfully submitted,

TACHE, BRONIS AND DESCALZO, P.A.
150 S.E. Second Avenue, Suite 600
Miami, Florida 33131
Telephone:   (305) 537-9565
Facsimile:   (305) 537-9567

By:   /s/ Marissel Descalzo
        Marissel Descalzo, Esq.
        Florida Bar No. 669318
        mdescalzo@tachebronis.com
        service@tachebronis.com
        Counsel for Daribel Sanchez

5

## CERTIFICATE OF SERVICE

I CERTIFY THAT on this 17th day of November, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: */s/ Marissel Descalzo*
Marissel Descalzo, Esq.